FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 FEB 15 PM 3:59
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
FLORIDA

UNITED STATES OF AMERICA

| | | |
|---|---|---|
| v. | CASE NO. | 3:12-cr-19-J-25MCR |
| | Ct. 1: | 18 U.S.C. §§ 1591 & 2 |
| RUEL ALEXANDER BROWN | Ct. 2: | 18 U.S.C. §§ 1591 & 1594(b) |
| a/k/a "King David" | Ct. 3: | 18 U.S.C. § 1001 |
| SHANNON MARIE BURNEY | Forfeiture: | 18 U.S.C. § 1594 |

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

Between in or about March 2010, through on or about November 4, 2012, at Jacksonville, Daytona Beach, and Orlando in the Middle District of Florida, the Southern District of Florida, Alabama, Delaware, the District of Columbia, Georgia, Indiana, Kentucky, Louisiana, Maryland, Mississippi, New Jersey, North Carolina, South Carolina, Tennessee, Texas, Virginia, and elsewhere, the defendants,

RUEL ALEXANDER BROWN
a/k/a "King David" and
SHANNON MARIE BURNEY,

in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain and maintain by any means; did knowingly cause the recruiting, enticing, harboring, transporting, providing, obtaining and maintaining by any means; and did knowingly aid and abet each other in the recruiting, enticing, harboring, transporting, providing, obtaining and maintaining by any means a

person, that is a female whose initials are A.T. and who also used an alias name with the initials S.C., while knowing and in reckless disregard of the fact that means of force, threats of force, fraud and coercion would be used to cause that person to engage in a commercial sex act.

All in violation of Title 18, United States Code, Sections 1591 and 2.

**COUNT TWO**

Between in or about March 2010 and on or about February 7, 2012, at Jacksonville, Daytona Beach, and Orlando in the Middle District of Florida, the Southern District of Florida, Alabama, the District of Columbia, Georgia, Indiana, Kentucky, Louisiana, Maryland, Mississippi, New Jersey, North Carolina, South Carolina, Tennessee, Texas, Virginia, and elsewhere, the defendants,

RUEL ALEXANDER BROWN,
a/k/a "King David" and
SHANNON MARIE BURNEY,

did knowingly combine, conspire, confederate and agree with each other and with others who are known and unknown to the grand jury to commit the offense of sex trafficking by means of force, threats of force, fraud and coercion in violation of Title 18, United States Code, Section 1591.

It was part of the conspiracy that the defendants would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of Title 18, United States Code, Sections 1591 and 1594(c).

**COUNT THREE**

On or about November 9, 2010, at Jacksonville, in the Middle District of Florida,

SHANNON MARIE BURNEY,

the defendant herein, did knowingly and willfully make false, fictitious and fraudulent material statements and representations in a matter, that is an investigation of offenses under Title 18, United States Code, Section 1591, within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, by stating that she had been staying at the Red Roof Inn in Jacksonville and that Ruel Brown was not a pimp, which the defendant then knew to be false, fictitious and fraudulent.

In violation of Title 18, United States Code, Section 1001.

**FORFEITURE**

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 1594.

2. Pursuant to Title 18, United States Code, Section 1594, upon conviction of an offense in violation of Title 18, United States Code, Section 1591, the defendants, RUEL ALEXANDER BROWN and SHANNON MARIE BURNEY, shall forfeit to the United States of America (1) any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense; and (2) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

M. W. Halloran
Foreperson

ROBERT E. O'NEILL
United States Attorney

By:
MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

By: Julie H. Savell
JULIE HACKENBERRY SAVELL
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
APR 1991

No. 2011-02

**UNITED STATES DISTRICT COURT**

Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

RUEL ALEXANDER BROWN, a/k/a "King David" and
SHANNON MARIE BURNEY,

**INDICTMENT**

Violations:

| | |
|---|---|
| Ct. 1: | 18 U.S.C. §§ 1591 & 2 |
| Ct. 2: | 18 U.S.C. §§ 1591 & 1594(c) |
| Ct. 3: | 18 U.S.C. § 1001 |

A true bill,

M. D. Halloran

Foreperson

Filed in open court this ~~21st~~ 15th day

of ~~October~~ February.

Clerk

Bail $____________

GPO 863 525