UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA, Jacksonville, Florida

Plaintiff, Case No. 3:12-cr-19-J-25MCR

-vs- Thursday, March 1, 2012

RUEL ALEXANDER BROWN, 10:06 a.m.

Defendant. Courtroom 5C

______________________________________________________

**DIGITALLY RECORDED INITIAL APPEARANCE**
**BEFORE THE HONORABLE MONTE C. RICHARDSON**
**UNITED STATES MAGISTRATE JUDGE**

GOVERNMENT COUNSEL:

**Mac Heavener, Esquire**
U.S. Attorney's Office
300 North Hogan Street, Suite 700
Jacksonville, FL 32202

DEFENSE COUNSEL:

**Wade Rolle, Esquire**
Law Office of Wade Martin Rolle
4730 Norwood Avenue
Jacksonville, FL 32206

COURT REPORTER:

Shelli Kozachenko
221 North Hogan Street, #185
Jacksonville, FL 32202
Telephone: (904) 301-6842
Fax: (904) 301-6846

(Proceedings recorded by electronic sound recording; transcript produced by computer.)

P R O C E E D I N G S

Thursday, March 1, 2012 10:06 a.m.

\- - -

THE COURT: We're here in Case No. 3:12-cr-19-J-25MCR, United States of America versus Ruel Alexander Brown.

And who speaks for the United States?

MR. HEAVENER: Good morning, Your Honor. Mac Heavener on behalf of the United States.

THE COURT: Welcome, Counsel.

And we're scheduled this morning for an initial appearance on an indictment.

Mr. Brown, what is your full name, sir?

THE DEFENDANT: Ruel Alexander Brown.

THE COURT: How old are you, sir?

THE DEFENDANT: 36.

THE COURT: What is your date of birth?

THE DEFENDANT: 9/13/75.

THE COURT: What is your home address?

THE DEFENDANT: 5722 Holmes Avenue, Columbia, South Carolina 29203.

THE COURT: How much education have you completed?

THE DEFENDANT: GED.

THE COURT: Are you under the influence of any drugs, alcohol, or intoxicants?

THE DEFENDANT: No.

THE COURT: Are you taking any medications?

THE DEFENDANT: Yes.

THE COURT: What medications are you taking and for what ailments?

THE DEFENDANT: For high blood pressure and (unintelligible). I don't know exactly the medication. They changed it.

THE COURT: All right. When did you last take these medications?

THE DEFENDANT: Last night.

THE COURT: By taking those medications, do they affect your ability to understand what's happening here this morning?

THE DEFENDANT: No.

THE COURT: Have you ever been treated for a mental illness?

THE DEFENDANT: No.

THE COURT: And to your knowledge do you now suffer from any mental or emotional disability?

THE DEFENDANT: No.

THE COURT: All right. So you understand where you are, what you're doing, and the importance of this proceeding?

THE DEFENDANT: Yes.

THE COURT: All right, sir. The purpose of this hearing is to advise you of the allegations against you, the rights that you have, the proceedings that will follow, and to consider the issue of bail. You will not be called upon to plead to these allegations at this time, but I will tell you that a federal grand jury here in Jacksonville has returned an indictment against you.

I'll ask that the prosecutor advise you of the charges, as well as the maximum penalties, and I want you to listen carefully.

MR. HEAVENER: Thank you, Your Honor.

Mr. Brown, on February 15th of 2012, a federal grand jury here in Jacksonville returned a three-count indictment. You're named as a defendant in Count One and Count Two of that indictment.

The charge set forth in Count One of the indictment charges what's essentially called sex trafficking by force, fraud, or coercion. The indictment charges that you committed that offense or aided and abetted in the committing of that offense, and it charges that the offense was committed in or about March 2010 through on or about November 4th of 2012. The location of the offense is alleged to be Jacksonville, Daytona Beach, Orlando, the Southern District of Florida, Alabama, Delaware, the District of Columbia, Georgia, Indiana, Kentucky, Louisiana,

Maryland, Mississippi, New Jersey, North Carolina, South Carolina, Tennessee, Texas, Virginia, and elsewhere.

It's alleged that you and an individual named Shannon Marie Burney, in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, or did knowingly cause that or aid and abet in the causing of all those things a female whose initials are A.T., and the female also used an alias name with the initials S.A., while knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion would be used to cause that person to engage in a commercial sex act. That's all in violation of Title 18, United States Code, Sections 1591 and 2.

If you were found guilty of that offense, the maximum penalty you would face is as follows. You'd face a mandatory minimum term of imprisonment of not less than 15 years up to life. You'd face a fine of not more than $250,000, or both the imprisonment and the fine. You would face a term of supervised release of not less than five years up to life following any term of imprisonment. You'd also be required to pay a special assessment of $100, which is mandatory and due on the date of sentencing.

If, while you were on that term of supervised release, you violated the terms of your supervised release

by committing any criminal offense under Title 18, Chapters 109(a), 110, or 117, or Sections 1201 or 1591 for which you could be imprisoned for longer than a year, you would be subject to an additional term of imprisonment of not less than five years up to life. If you violated the terms of your supervised release in any other manner, you'd face an additional term of imprisonment of not more than five years. You'd also be required to register under the Sex Offender Registration and Notification Act.

Count Two of the indictment charges essentially between the same dates and in the same location you and Ms. Burney did knowingly combine, conspire, confederate, and agree with each other, and with others who are known and unknown to the grand jury, to commit the offense of sex trafficking by means of force, threats of force, fraud, and coercion, in violation of Title 18, United States Code, Section 1591.

It alleges that it was part of the conspiracy that you would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof. That's all in violation of Title 18, United States Code, Sections 1591 and 1594(c).

If you were found guilty of that offense, the maximum penalty that you would face is the following: You'd

face a term of imprisonment of up to life. You'd face a fine of not more than $250,000, or both the imprisonment and fine. You would face a term of supervised release of not more than five years up to life, and you would face a special assessment of $100 that's mandatory and due on the date of sentencing.

With regard to that supervised release, if you violated the terms and conditions of that supervised release, you'd face an additional term of imprisonment of not more than five years, plus the possibility of an additional term of supervised release.

If you were found guilty of both of the offenses that are set forth in the indictment, the cumulative maximum penalty you would face is as follows: You would face a term of imprisonment of not less than 15 years up to two consecutive life sentences. You would face fines of not more than $500,000, or both the imprisonment and the fine. You would face -- you would be required to serve a supervised release of not less than five years up to life, and you'd be required to pay special assessments of $200, which are mandatory and due at the time of sentencing.

If, while you were on supervised release, you violated the terms of supervised release by committing any criminal offense under Title 18, Chapters 109(a), 110, or 117, or Sections 1201 or 1591, for which you could be

imprisoned for longer than a year, you would face an additional term of imprisonment of not less than five years up to life, plus the possibility of an additional term of supervised release.

If you violated supervised release in any other way, you would face an additional term of imprisonment of not more than ten years, as well as the possibility of an a additional term of supervised release. You'd also be required to register as a sex offender under the Sex Offender Registration and Notification Act.

And I would advise you that the indictment contains a general forfeiture count in which the United States is seeking to forfeit the remaining property essentially that was used for a part of the criminal events that are alleged in the indictment.

THE COURT: Thank you, Mr. Heavener.

Mr. Brown, do you understand the charges against you, sir?

THE DEFENDANT: Yes.

THE COURT: And do you also understand the maximum penalties possible?

THE DEFENDANT: Yes.

THE COURT: Okay. I do need for you to listen as I advise you of your rights.

You do have a constitutional right to remain

silent. You do not have to make any statement, nor do you have to give a statement at any time to any law enforcement officer.

If you do make a statement, anything you say can and will be used against you in court. If you've already made statements in the past, you need not make any further statements in the future.

So, Mr. Brown, do you understand your right to remain silent, sir?

THE DEFENDANT: Yes.

THE COURT: Also you have a right to be represented by an attorney in all proceedings in this case. If you cannot afford to hire your own attorney and wish to be represented by one, this Court would appoint an attorney to represent you at no cost or obligation to yourself.

Can you afford to hire your own attorney, sir?

THE DEFENDANT: Not presently.

THE COURT: Okay. I have what appears to be a financial affidavit completed by you. I'll ask that the court security officer hand you this affidavit, and you tell me whether that's your signature on the affidavit, sir.

THE DEFENDANT: Yes.

THE COURT: All right. Now, before I can determine whether you qualify, sir, I have to place you under oath.

Ms. Spaulding?

COURTROOM DEPUTY: (Unintelligible.)

THE DEFENDANT: Yes.

THE COURT: You were last employed back in August of 2010; is that correct?

THE DEFENDANT: Yes.

THE COURT: What type of work were you doing?

THE DEFENDANT: Managerial club work.

THE COURT: Do you own any property or real estate?

THE DEFENDANT: No.

THE COURT: This other income, $2800, you say it's rent. What is this other income you're talking about?

THE DEFENDANT: I had someone living in my house paying rent.

THE COURT: Is that currently?

THE DEFENDANT: Not anymore.

THE COURT: Where's the house located?

THE DEFENDANT: South Carolina.

THE COURT: What city is it located?

THE DEFENDANT: Oh, Columbia, South Carolina, 5722 Holmes Avenue.

THE COURT: How much equity do you have in the house?

THE DEFENDANT: I don't own it. I was renting.

THE COURT: I see.

All right. Well, based on the information provided in the affidavit, I will appoint counsel to represent you.

And will counsel state his appearance for the record?

MR. ROLLE: Good morning, Your Honor. Wade Rolle appearing on behalf of the defendant, Ruel Alexander Brown.

THE COURT: Welcome, Mr. Rolle.

What's the government's position with respect to bail?

MR. HEAVENER: Your Honor, the United States is seeking detention of the defendant.

THE COURT: All right.

MR. HEAVENER: We would request a continuance of the detention hearing. I would request the -- the government -- that the hearing be continued until Monday of next week.

THE COURT: Ms. Spaulding, what's our schedule for Monday?

COURTROOM DEPUTY: (Unintelligible.)

MR. HEAVENER: That's fine with the government, Your Honor.

THE COURT: Mr. Rolle?

MR. ROLLE: Your Honor, if I could just check with

my office, I should be free because I should have had a couple jury selections scheduled for that day that have subsequently been moved, but I would like to check with my office.

THE COURT: All right. We'll leave it on the calendar for Monday at 11:00. If something changes, then we'll just adjust.

Mr. Brown, your detention hearing will be set for Monday. At that time the Court will make a determination as to whether you receive bail.

You understand, sir?

THE DEFENDANT: Yes.

THE COURT: All right. Anything further we need to address at this time?

MR. HEAVENER: Nothing from the government, Your Honor.

MR. ROLLE: Nothing from the defendant, Your Honor.

THE COURT: All right.

MR. ROLLE: Your Honor, may I have a couple moments with him? I just need to go over some points for pretrial services.

THE COURT: Sure.

MR. ROLLE: Thank you.

THE COURT: We'll take a brief recess.

(The proceedings were concluded at 10:18 a.m.)

\- - -

CERTIFICATE

UNITED STATES DISTRICT COURT )
MIDDLE DISTRICT OF FLORIDA )

I hereby certify that the foregoing transcript is a true and correct computer-aided transcription of my stenotype notes taken at the time and place indicated therein.

DATED this 17th day of April, 2012.

s/Shelli Kozachenko
Shelli Kozachenko, RPR, CRR